PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* VICTORIANO NIEVES, Defendant and Appellant.

No. 2648. Argued January 28, 1926.—Decided February 16, 1926.

*Francisco M. Cadilla* for the appellant.  *José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

In this case the accused was sentenced to thirty-five days in jail for carrying a revolver on his person. He appealed and assigns error as follows:

"First: The District Court of Arecibo erred in finding that Victoriano Nieves was carrying a revolver on his person on May 24, 1925, in Carrizales of Hatillo, notwithstanding the fact that the said arm was not offered in evidence.

"Second: The District Court of Arecibo committed error in finding Victoriano Nieves guilty of carrying a revolver and that it was taken from his person by Juan Bernard and Flor Alvarez, notwithstanding the fact that those two witnesses, who were the most important witnesses brought before the court by the prosecuting attorney, testified under oath that defendant Victoriano Nieves was not carrying any revolver on that day, and in spite of the fact that they emphatically denied that they took any revolver from the appellant."

In a prosecution for carrying a prohibited arm or instrument under section 1 of Act No. 14 of June 25, 1924 (p. 114), the production of the arm itself is not, as a legal question, a condition *sine qua non*, if there are other elements or circumstances showing that the accused was carrying the weapon. This was held in the case of *People* v. *Julián*, 18 P.R.R. 905, where it was said by this court:

"In the case at bar, although the weapon found on the defendant was not produced in the district court, yet it was shown sufficiently to said court that when arrested Lucas Julián carried a revolver loaded with four cartridges, which was seized, a fact sufficient in itself to find him guilty of the crime he was tried for, the production of the weapon not being an essential element in the trial for the offense of carrying concealed weapons, which offense does not consist of the fact that any specified weapon was taken from the accused, but in proving that he carried on or about his person, saddle, saddlebags or panniers, any pistol, dirk, etc."

Although the Act prohibiting the carrying of arms of March 9, 1905 (Comp. sec. 5994), was the law applicable to the case cited, the amendment made to it by Act No. 14 of

June 25, 1924 (p. 114), does not change the doctrine established, for the purpose of the Legislature remained the same.

██ The evidence was contradictory and the conflict was adjusted by the lower court without any showing that the judge abused his discretion in weighing it, for the fact that the district attorney failed to use two witnesses whose names were on his list of witnesses and they were called by the accused in his defense and testified adversely to the other government witnesses can not serve as a ground for reversal. The trial judge did not believe the testimony of these witnesses and it was a question of credibility wholly within the province of the said judge, unless it be shown that he was actuated by passion, prejudice or partiality, or committed manifest error, nothing of which is inferred from the evidence in this case.

The judgment appealed from must be affirmed.